UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RITCHY ETIENNE,

                           Plaintiff,

v.                                                  **ORDER**

EDWARD M. SHAWN,                         21-CV-07041 (PMH)
                          Defendant.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

       On or about July 13, 2021, Plaintiff Ritchy Etienne commenced an action in the Supreme Court of the State of New York, County of Rockland against Defendant Edward M. Shawn, by the service and filing of a Summons and Complaint. (Doc. 1, "Not. of Removal ¶ B; Doc. 1-2, "Compl."). On August 20, 2021, Defendant removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446. (Not. of Removal at 1).

       Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). For the reasons set forth below, the Court finds that it does not have subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and remands the case to the state court from which it was removed.

       Pursuant to 28 U.S.C. § 1441, "any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held

that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While a defendant need not "prove the amount in controversy to an absolute certainty," the defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273-74).

Plaintiff's Complaint alleges that she was injured when the motor vehicle owned and operated by Defendant "came into contact" with her motor vehicle due to Defendant's negligence. (Compl. ¶¶ 12-16). In an action to recover damages for personal injuries in New York, a plaintiff's complaint "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems [herself] entitled." N.Y. C.P.L.R. § 3017(c). Thus, Plaintiff's Complaint does not state a specific sum of money she seeks to recover from Defendant and asserts only that she seeks "a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter." (Compl. ¶ 21). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

In his Notice of Removal, Defendant asserts that there exists original jurisdiction in the District Court of the United States "under 28 U.S.C. § 1332 (a) by reason of the complete diversity of citizenship of the parties." (Not. of Removal ¶ D). Defendant contends that, as alleged in the Complaint, complete diversity exists because Plaintiff is a resident of the State of New York and Defendant is a citizen of the State of Pennsylvania. (*Id.* ¶ G). Defendant further asserts that "[u]pon information and belief," the amount in controversy "exceeds $75,000.00 due to Plaintiff alleging to have suffered severe and permanent personal injuries." (*Id*. ¶ E). As stated above, Plaintiff's Complaint does not identify an amount in controversy. (*See* Compl. ¶ 21). Defendant provides the Court no other support for his assertion that the amount in controversy exceeds $75,000.

Pursuant to the removal statute, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3). Furthermore, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." *Id*. at (c)(3)(A). The removal statute "is to be strictly construed." *Quintana v. Werner Enterprises, Inc.,* No. 09-CV-7771, 2009 WL 3756334, at *1 (S.D.N.Y. Nov. 2, 2009) (citing *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 201 (2d Cir. 2001)).

There is no indication in the Notice of Removal or otherwise on this docket of any written response by Plaintiff to any discovery demands, and no "other paper" has been proffered which

sets forth the amount in controversy. This Court has also undertaken to review the electronic docket in the state court proceeding. That docket is similarly devoid of any written indication of the amount in controversy. (*See* Index No. 034023/2021, NYSCEF Doc. Nos. 1-10).  Thus, the only allegation of the amount in controversy is Defendant's assertion that the amount in controversy exceeds $75,000 "[u]pon information and belief." (Not. of Removal ¶ E).

"It is well-settled that the Second Circuit has a 'bright line rule' that the 30-day 'removal clock does not start to run until the plaintiff serves the defendant with a *paper* that explicitly specifies the amount of monetary damages sought.'" *Johnson v. Home Depot U.S.A., Inc.*, No. 19-CV-3476, 2019 WL 5287969, at *2 (E.D.N.Y. Oct. 18, 2019) (quoting *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (emphasis added)). Because the Court concludes that Defendant has failed to satisfy his burden of establishing that the amount in controversy exceeds $75,000 and there is no allegation of Plaintiff's service of any paper specifying the amount of damages that would start the 30-day removal clock, this Court holds that removal from state court was improper.  Accordingly, the action is remanded to the state court from which it was removed.

The Clerk is directed to send a copy of this Order to the Supreme Court of the State of New York, County of Rockland, and to close this case.

**SO ORDERED.**

Dated: White Plains, New York
       August 23, 2021

_____
Philip M. Halpern
United States District Judge